## MACVEY v. METROPOLITAN EL. RY. CO.

(*Supreme Court, General Term, Second Department.* May 9, 1892.)

EMPLOYMENT OF STENOGRAPHER—EVIDENCE.

At a hearing before a referee, the parties failing to agree on a stenographer, the referee offered to take the testimony in longhand, but defendant's counsel insisted on a stenographer. The referee then requested one present to take testimony, and defendant's counsel nodded, and said: "Go ahead. I am satisfied." Defendant's counsel took up the report, and with it the stenographer's bill, which was afterwards lost, and subsequently wrote the referee to send the bill to him. *Held,* that the evidence justified a finding of the jury that the stenographer was employed by defendant.

Appeal from circuit court, Kings county.

Action by Thomas J. Macvey against the Metropolitan Elevated Railway Company for stenographer's fees. Judgment for plaintiff, and order denying motion to set aside verdict for a new trial. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Davies, Short & Townsend,* (*Julien T. Davies* and *Byron Traver,* of counsel,) for appellant. *Ira Leo Bamberger,* for respondent.

BARNARD, P. J. The defendant made an application in the supreme court to acquire the title of lands belonging to one Siefke. The landowner made a denial of facts set forth in the petition, and the issues were, at the instance of the attorney for the defendant, referred to Rowland M. Stowe to hear and determine. The landowner appeared when the order of reference was made, and did not object thereto. When the hearing was reached before the referee the defendant's attorney asked the referee to employ his stenographer to take the minutes. The referee was willing to employ him, but the plaintiff objected. The referee offered to write the testimony out in longhand, or to send for a stenographer himself. The defendant objected to the taking of the testimony in longhand, and insisted on a stenographer. The parties failing to agree upon the appointment of the stenographer to the railroad company, the plaintiff took the testimony; and the sole question is whether the defendant's attorney requested him to do so upon the credit of the company. The witnesses to the transaction differ very materially as to the facts. The plaintiff testifies that the railroad attorney agreed to his appointment. The attorneys representing the railroad deny this statement. The attorney for the landowner testifies that it was understood that the railroad company would have to pay the stenographer. The plaintiff testifies that the railroad company's counsel, Mr. Lyman, upon the referee's requesting him to take the testimony, looked at him, and, with a nod, said: "Go ahead. I am satisfied." The railroad company took up the report, and with it the bill of the plaintiff. The next day the bill was lost, and has never been paid. The letter of inquiry in respect to the loss was properly received. The bill was delivered to Mr. Lyman. The referee so testifies, and so does Mr. Lyman. On the next day the attorneys for the railroad wrote the referee that the bill could not be found in the papers, and this letter was received under the defendant's objection. The letter harmonizes with the plaintiff's theory. The railroad assumed the cost of the stenographer; requested him to take the testimony. The bill for his services went with the report, and upon being mislaid the attorneys for the defendant wrote to have it sent to them, if left, by mistake, in the office of the referee. The question of fact was left to the jury, and the verdict is supported by the probabilities of the case. The railroad should have paid for the expense of the stenographer, if a stenographer was forced in the case by the company. The stenographer of the attorney for the company was objected to. The plaintiff was appointed, and did take the minutes. The judgment should therefore be affirmed, with costs.

All concur.